USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/13

Case 1:13-cv-02435-WHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

POLISH STEAMSHIP COMPANY, and POLSTEAM SHIPPING COMPANY

                Plaintiffs,

-against-

NOVEL COMMODITIES S.A.

                Defendant.

---

Civil Action No. 13-cv-2435 (WHP)

ECF Case

**STIPULATION AND ORDER**

1. WHEREAS, on or about April 11, 2013 Plaintiffs, POLISH STEAMSHIP COMPANY and POLSTEAM SHIPPING COMPANY ("Plaintiffs") instituted the within action seeking, *inter alia*, the attachment of assets of Defendant, NOVEL COMMODITIES S.A. ("Defendant" or "Novel") up to the amount of $11,507,642.15 within the district pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2. WHEREAS, on or about April 12, 2013, the Court issued an Order for Issuance of Process of Maritime Attachment and Garnishment (the "Order for Issuance") as prayed for in Plaintiffs' Complaint and the Clerk of the Court thereafter issued various Processes of Maritime Attachment and Garnishment (the "PMAGs");

3. WHEREAS, Plaintiffs thereafter served the PMAGs on various garnishees, including QBE Insurance Corporation ("QBE"), in order to seize any funds, debts due to, or property of Novel in the hands of QBE and up to the amount set forth in the Order for Issuance and in the PMAGs;

4. WHEREAS, on or about May 30, 2013, a judgment, in the amount of $11,651,523.18 (the "Judgment Debt" or, up to the amount of $11,507,642.15, the "Attached

1

Funds"), was entered in favor of Novel and against QBE in an action captioned as *Novel Commodities S.A. v. QBE Insurance Corporation*, 11-cv-6339 (S.D.N.Y.) (PGG) (the "*Novel v. QBE* Case");

5. WHEREAS, Plaintiffs and Novel have entered into agreement(s) which, subject to the terms that are set forth in those agreements, would, *inter alia*, establish a basis for substitute security to replace the attachment which Plaintiffs obtained in this Rule B action by having certain proceeds from the Judgment Debt disbursed, as follows:

   a. $6,000,000.00 to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to serve as security for the claims of Plaintiffs against Novel in a certain ongoing London litigation between those parties bearing action number 2013 Folio 411 [the "London Litigation"]);

   b. $796,606.72 to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to satisfy a certain London arbitration award dated July 10, 2013 in favor of Plaintiffs and against Novel [which award was issued in a pending LMAA arbitration in London] [the "London Arbitration"]); and

   c. $90,000.00 to be paid to an account specified in writing by Plaintiffs via their attorneys (said funds to satisfy any and all other of Plaintiffs' claims against Novel, including demurrage, which are currently pending in the London Arbitration and which arise from a charter party dated May 29, 2012);

6. WHEREAS, the payments described in subparagraphs 5(a),(b), and (c) are hereinafter referred to as the "Agreed Payments to Plaintiffs";

7. WHEREAS, on or about November 15, 2013, counsel for Plaintiffs, together with

counsel for Novel in the *Novel v. QBE* Case, and with counsel for another claimant against Novel, signed a stipulation calling for, *inter alia*, disbursement of funds from the Judgment Debt pursuant to the provisions of that stipulation, inclusive of the Agreed Payments to Plaintiffs (the "November 15 Stipulation");

8. WHEREAS, QBE has opposed entry of an order giving effect to the November 15 Stipulation on grounds set forth in a letter, dated November 18, 2013, from counsel for QBE to the Court in the *Novel v. QBE* Case (11-cv-6339, Dkt. No. 107) (the "November 18 Letter");

9. WHEREAS, the parties to this action seek to eliminate some of the purported concerns that have apparently given rise to QBE's opposition to entry of an order in the *Novel v. QBE* Case which would implement the November 15 Stipulation;

10. WHEREAS, the parties to this action seek to eliminate QBE's aforementioned and purported concerns by expressly stipulating, agreeing, and stating that:

    a. QBE's payment of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action;

    b. The involvement of Clyde & Co US LLP in taking part, or otherwise assisting, in QBE's making of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

    c. Upon completion of the wire transfers used by QBE to pay the Agreed Payments to Plaintiffs, QBE shall be discharged from any further liability respecting the Agreed Payments to Plaintiffs or otherwise respecting this

Action; and

11. WHEREAS, Plaintiffs and Novel have agreed that they will take any and all steps to effectuate dismissal of this action (together with Plaintiffs' parallel Rule B proceeding against Novel which is pending in the United States District Court for the District of New Jersey bearing case number 2013-cv-3143), without costs, immediately upon payment and safe receipt of the Agreed Payments to Plaintiffs, with said dismissals being *with prejudice* as to Plaintiffs' claims for security but *without prejudice* as to Plaintiffs' underlying claims pending in the London Arbitration and in the London Litigation;

NOW THEREFORE,

IT IS ORDERED that QBE shall pay the Agreed Payments to Plaintiffs in the amounts, by the methods, and pursuant to the instructions set forth in subparagraphs 5(a),(b), and (c) of the foregoing stipulation; and

IT IS FURTHER ORDERED that QBE's payment of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

IT IS FURTHER ORDERED that the involvement of Clyde & Co US LLP in taking part, or otherwise assisting, in QBE's making of the Agreed Payments to Plaintiffs, as well as the other payments described in the November 15 Stipulation, shall not constitute a violation of the Order for Issuance or of the PMAGs issued in this action; and

IT IS FURTHER ORDERED that, upon completion of the wire transfers used by QBE to pay the Agreed Payments to Plaintiffs, QBE shall be discharged from any further liability respecting the Agreed Payments to Plaintiffs or otherwise respecting this Action.

SO ORDERED:

_____ 11/27/13
Hon. William H. Pauley

We consent to entry of the foregoing Order:

Dated: November 25, 2013

The Plaintiffs,
POLISH STEAMSHIP COMPANY
POLSTEAM SHIPPING COMPANY

By: _____
Edward Floyd

EATON & VAN WINKLE, LLP
3 Park Avenue
New York, NY 10016
(212) 779-9912 – phone
(212) 779-9928 – fax
efloyd@evw.com

The Defendant,
NOVEL COMMODITIES S.A.

By: _____
Kevin J. Lennon

LENNON, MURPHY, CAULFIELD
& PHILLIPS, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
klennon@lmcplegal.com